IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

TERRILL FERGUSON, :
:
      Plaintiff :
:
VS. :
:
STATE OF GEORGIA and JASON : NO. 5:13-CV-150 (MTT)
HULL, Parole Officer, :
:
      Defendants :
_____ : **O R D E R**

    Plaintiff **TERRILL FERGUSON**, an inmate at Central State Prison ("CSP"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. The Court's filing fee for commencement of this action is $350. Plaintiff has neither paid the fee nor moved to proceed *in forma pauperis* ("IFP"). Solely for purposes of the Court dismissing this action, Plaintiff shall be allowed to proceed IFP.

    Plaintiff has failed to submit the statement of claim of this Court's standard section 1983 form. The Court is nevertheless able to discern from his complaint, attached letter, and the Georgia Department of Corrections' website the following information: In 2007, Plaintiff was convicted in Lee County of burglary and received a 20-year sentence. He was apparently released on parole in April 2010, but his parole was revoked after his arrest for a parole violation on August 8, 2012.

    Plaintiff brings this action against the State of Georgia and his parole officer, Jason Hull, and seeks an order of this Court that he be considered for release on parole. Plaintiff states that he does not want money: "All I want is my freedom." According to

-2-

Plaintiff, his rights were violated when unspecified officials revoked his parole without a preliminary hearing. Plaintiff does not state whether he received a final parole revocation hearing.

Release from parole is not an available remedy under section 1983. The relief Plaintiff seeks is available only through his filing a petition for habeas corpus, **after** exhausting all state court remedies. ***Wilkinson v. Dotson***, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (***quoting Preiser v. Rodriguez***, 411 U.S. 475, 489 (1973)); ***Muhammad v. Close***, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.").

Even if Plaintiff sought monetary damages, based on his limited allegations, both Defendants would appear to be immune from liability. ***Presnell v. Paulding County***, 454 F. App'x 763, 768 (11th Cir. 2001(State of Georgia immune from liability in federal court under the Eleventh Amendment); ***Holmes v. Crosby***, 418 F.3d 1256, 1258 (11th Cir. 2005) (parole officer possesses immunity from damages claims for actions within the scope of her duties).

Based on the foregoing, the instant complaint is hereby **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915A.

**SO ORDERED**, this 6th day of May, 2013.

> S/ Marc T. Treadwell
> MARC T. TREADWELL, JUDGE
> UNITED STATES DISTRICT COURT

cr